IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., ) ) ) Plaintiffs, ) ) vs. ) ) ) CUSTOM CONCRETE ) INNOVATIONS, LLC ) ) Defendant. ) | Case No. 4:16-CV-897-ODS |

## ORDER (1) GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, AND (2) ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiffs initiated this matter in August 2016. Doc. #1. Defendant was served through its Registered Agent, Kenneth E. Siemens, on August 29, 2016. Doc. #3. Defendant never filed an answer. On October 6, 2016, Plaintiffs filed their Motion for Judgment by Default by the Court (Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure). Doc. #4. When Defendant failed to timely respond to Plaintiff's motion, the Court directed Defendant to show cause as to why Plaintiffs' motion should not be granted. Doc. #10. After the Court's Order was returned as undeliverable (Doc. #11), the Court resent its Order to Defendant. Doc. #12. Defendant received the second copy of the Court's Order. Doc. #13. Defendant has not responded to Plaintiffs' motion or the Court's Order, and the time for doing so has passed. Therefore, Plaintiffs' motion is ripe for consideration.

According to the evidence submitted by Plaintiffs, Defendant agreed to be bound by the terms and conditions of collective bargaining agreements. Yet, Defendant owes unpaid fringe benefit contributions, liquidated damages, interest, audit costs, and reasonable attorneys' fees. Docs. #4, 5, 5-1, 7, 7-1, 8, 8-1, 8-2. After careful consideration of Plaintiffs' motion and supporting exhibits, the Court grants Plaintiffs' motion. The Court enters a final judgment in favor of Plaintiffs and against Defendant as follows:

(1) In favor of Construction Industry Laborers Pension Fund and against Defendant in the total amount of $13,855.67, which represents unpaid fringe benefit contributions from January 1, 2015, through July 31, 2016 ($9,496.56), liquidated damages ($1,899.31), interest on unpaid contributions ($146.07), reasonable attorneys' fees ($1,401.73), and audit costs ($912.00).

(2) In favor of Construction Industry Laborers Welfare Fund and against Defendant in the total amount of $21,328.17, which represents unpaid fringe benefit contributions from January 1, 2015, through July 31, 2016 ($15,701.16), liquidated damages ($3,140.23), interest on unpaid contributions ($173.05), reasonable attorneys' fees ($1,401.73), and audit costs ($912.00).

(3) In favor of Greater Kansas City Laborers Vacation Plan and against Defendant in the total amount of $4,602.93, which represents unpaid fringe benefit contributions from January 1, 2015 through July 31, 2016 ($2,885.02), liquidated damages ($577.00), interest on unpaid contributions ($44.50), reasonable attorneys' fees ($58.41), and audit costs ($38.00).

(4) In favor of Construction Industry Laborers Training Fund and against Defendant in the total amount of $853.84, which represents unpaid fringe benefit contributions from January 1, 2015 through July 31, 2016 ($623.18), liquidated damages ($124.64), interest on unpaid contributions ($9.62), reasonable attorneys' fees ($58.40), and audit costs ($38.00).

(5) Within thirty days of the date of this Order, Defendant is ordered to permit an accounting its business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and trust agreements with Plaintiffs for the period August 1, 2016, to the date of this Order. To the extent Plaintiffs find there are additional unpaid fringe benefits and other damages owed to Plaintiffs during the time period of August 1, 2016, through the date of this Order, Plaintiffs may seek amendment of this judgment.

(6) Defendant shall put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining and/or trust agreements.

(7) Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

The Clerk's Office is directed to send two copies of this Order, one via first class mail postage prepaid and one via certified mail, return receipt requested, to:

>	Custom Concrete Innovations, LLC
>	c/o Kenneth Siemens, Registered Agent
>	3007 Frederick Avenue
>	St. Joseph, Missouri 64506

IT IS SO ORDERED.

DATE: December 19, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT